UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TREVOR L. JUSTICE,  )  | |
|     Plaintiff, ) | |
| ) | |
| v.    ) | Case No. 22-cv-03251 |
| ) | |
| DENISE BARR, ) | |
|     Defendant. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Motion for Leave to File an Amended Complaint (Doc. 14) under 42 U.S.C. § 1983 by Plaintiff Trevor L. Justice, who is currently incarcerated at Vandalia Correctional Center.

I.     **Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.   Background

Plaintiff's initial Complaint alleged that Defendant Denise Barr, a public defender representing Plaintiff, failed to make a speedy trial demand and did not find medical or mental health experts to testify during his subsequent criminal trial.

Following the screening of Plaintiff's pleading, the Court determined that he failed to state a plausible claim, noting that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Court granted Plaintiff leave to file an amended complaint because exceptions apply to the immunity afforded public defenders. *Id.*

## III.   Factual Allegations

Plaintiff's Amended Complaint concerns alleged violations while detained at the Mason County Jail ("Jail") from May to December 2022.

Plaintiff asserts that black mold existed throughout the Jail and in his cell, which caused him to experience rhinitis[1], rashes, hair loss, anxiety, nose bleeds, chronic headaches, lack of sleep, and breathing difficulties. Plaintiff acknowledges that he was prescribed medications such as an asthma inhaler, steroid creams, antibiotics, and anxiety and sleeping drugs for his ailments.

Plaintiff also asserts that the Jail's physician referred him to optometry on three occasions, but the Jail's staff refused to honor the referrals, which caused him to suffer

---

[1] "Nonallergic rhinitis involves sneezing or a stuffy, drippy nose." *See* Mayo Clinic, Nonallergic rhinitis, https://www.mayoclinic.org/diseases-conditions/nonallergic-rhinitis/symptoms-causes/syc-20351229 (last visited July 3, 2023).

headaches. Plaintiff next asserts that he informed Defendant Barr about the violations, but Barr did nothing.

### IV. Analysis

The Court finds that Plaintiff states Fourteenth Amendment claims regarding the Jail staff's failure to comply with a professional medical referral and the conditions of his confinement during his detention at the Jail. However, as the Court explained in screening Plaintiff's initial complaint, "[s]ection 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014).

Plaintiff amendment fails to identify the individual Jail staff members who may be held liable under 42 U.S.C. § 1983. Although Plaintiff names Defendant Barr, his allegation that he told Barr about the violations does not state a plausible claim because she was not personally involved in the alleged deprivations. *See Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("In *Burks*, we rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983 liability.") (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). Furthermore, Plaintiff does not claim that Barr had the authority to correct the alleged violations. *See Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997) (holding that officials do not act with deliberate indifference "if they are helpless to correct the protested conditions."). Therefore, Plaintiff fails to state a claim against Barr.

Despite Plaintiff's omission and recognizing his *pro se* status, the Court will allow Plaintiff's medical and conditions of confinement claims to proceed against Paul Gann,

the current Peoria County Sheriff. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (holding that the facility's warden is the proper defendant to answer for claims regarding conditions of confinement and to carry out any injunctive relief granted); *see also* 730 ILCS 125/2 ("The Sheriff of each county in [the] State [of Illinois] shall be the warden of the jail of the county….").

Plaintiff should understand that liability under § 1983 requires "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). If Defendant Gann was not personally involved in depriving Plaintiff of his Fourteenth Amendment rights while detained at the Jail, Plaintiff's suit might be subject to summary dismissal.

Therefore, the Court advises that Plaintiff should try to determine, through the discovery process, who was personally involved in violating his Constitutional rights if it was not Defendant Gann. Plaintiff should then seek leave to amend his complaint to add these individuals as Defendants. The Court will explain this process in more detail in a Scheduling Order that the Court will enter after Gann has been served, which usually takes sixty days. Accordingly, the Court dismisses Defendant Barr.

The Court notes that any filings Plaintiff submits to the Court must be signed as mandated by Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's individual name, or by the party if not represented by an attorney.").

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) is GRANTED. The Clerk of the Court SHALL docket Plaintiff's amended complaint.

2) Based on the merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's alleged facts are sufficient to state a Fourteenth Amendment claim against Defendant Gann. Specifically, the conditions of Plaintiff's confinement and the failure to adhere to a medical professional's referral were objectively unreasonable. Plaintiff's claims against Gann proceed in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) The Court DIRECTS the Clerk of the Court ("Clerk") to terminate Denise Barr as a Defendant and add Paul Gann as a Defendant.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule

on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the release is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant. Formal service will require Defendant to pay the associated costs under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

Entered: July 5, 2023.

s/ Colleen R. Lawless
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE